IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ETHEL ANTONIO PAGE, # 149908     PETITIONER

VS.     CIVIL ACTION NO.   3:15cv597-CWR-FKB

WARDEN NORRIS HOGANS     RESPONDENT

## REPORT AND RECOMMENDATION

This matter is before the Court on Page's Petition [1] with amendments, Respondent's Response [15], and Petitioner's Response [18] in this matter filed pursuant to 28 U.S.C. § 2254. Respondent argues that the petition should be dismissed because Page has failed to exhaust state remedies. Page responds, however, that this action should be stayed and held in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may exhaust his state remedies. Having considered the filings, the undersigned recommends that this matter be stayed and held in abeyance while Petitioner exhausts.

## FACTS AND PROCEDURAL HISTORY

On August 27, 2014, Page pleaded guilty in the Circuit Court of Lauderdale County, Mississippi, to the felony offense of attempted forcible rape in violation of Miss. Code Ann. § 97-3-65, Count II of a two-count indictment in Criminal Cause No. 477-12. [15-3] at 1. The court sentenced him to a term of twenty (20) years in the custody of the Mississippi Department of Corrections, with fifteen (15) years of the sentence suspended, and five (5) years of post-release supervision. *Id.* At that time, Page was given pre-trial credit of 847 days toward his sentence, and he was advised, *inter alia*, that upon his release he would have the duty to register as a sex offender pursuant to Miss. Code Ann. § 45-33-1. *Id.* at 3. As a part of the guilty plea, the Court also entered an Order of Nolle Prosequi as to Count I of the indictment in

Criminal Cause No. 477-12, a charge of kidnapping in violation of Miss. Code Ann. § 97-3-53. [15-2].

Thereafter, on October 6, 2014, Page filed in the Circuit Court of Lauderdale County a Motion to Vacate Sentence and to Dismiss Charge.  [15-4].  In the Motion, he argued that the charge of attempted rape should be dismissed because he had a history of several mental illnesses, that his first attorney never ordered a psychological evaluation despite several continuances for this purpose, that his second attorney coerced him into taking the plea deal, and that his right to a speedy trial was violated.  [15-4].  He also noted that the charges arose while he was a mental patient at the East Mississippi State Hospital located in Lauderdale County.

On November 20, 2014, the Circuit Court of Lauderdale County construed Page's Motion to Vacate as a Motion for Post-Conviction Relief and denied his claims.  [15-5].  The court quoted from the plea colloquy transcript to show the court's examination of Page and its basis for finding that Page had voluntarily, knowingly, and intelligently entered his guilty plea. *Id.*  The court further found that Page did not suffer ineffective assistance of counsel, observing that he stated on the record that he was satisfied with his attorney's representation.  *Id.* at 11. The court noted that his counsel achieved a favorable sentence for him, thereby avoiding a potential life sentence, by negotiating the withdrawal of the kidnapping charge and brokering a guilty plea on the attempted forcible rape charge, with credit for time served.  *Id.* at 11.

There is no evidence that Page appealed this decision.  Instead, he sought relief in this federal court when on May 29, 2015, he filed an action pursuant to 42 U.S.C. § 1983 against his former attorneys and several mental hospitals.  *See Page v. Dickerson-Clay, et al.*, Civil Action No. 3:15cv392-DPJ-FKB.  Proceeding *in forma pauperis* and *pro se*, Page sought reversal of his

conviction and sentence based on his attorneys' alleged ineffective assistance of counsel and failure to seek medical proof of his mental incompetence. During the course of initial screening pursuant to 28 U.S.C. § 1915A, the Court advised Page in an Order [7] entered on July 9, 2015, that release from incarceration is not available as relief in a suit filed pursuant to § 1983, but is a federal remedy available through habeas corpus. Civil Action No. 3:15cv392-DPJ-FKB at [7].[1] The Order [7] stated that "[i]f the Plaintiff wishes to pursue his request for relief in a habeas corpus petition, he is directed to file a petition for relief under 28 U.S.C. § 2254," and directed the Clerk of Court to send a packet of habeas corpus forms to Page. *Id.* at 2.

Thereafter, on August 14, 2015,[2] Page filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Page asserts that he was mentally incompetent at the time of his plea, therefore his plea was not knowingly or voluntarily made. [1] at 5. He argues that he suffered ineffective assistance of counsel because his counsel coerced him into taking a plea, even though he was mentally incompetent. *Id.* at 7. Finally, he argues that the prosecution and trial court committed gross error because each entity had knowledge that he needed a mental evaluation that never occurred, despite his prolonged incarceration prior to his plea. *Id.* at 8.

In its Response to the petition, the State argues that Page's claims are procedurally barred from review in this Court because he failed to appeal the state court's denial of his motion for

---

[1] In an Order [13] entered November 19, 2015, the Court dismissed Civil Action No. 3:15cv392-DPJ-FKB as frivolous.

[2] For pleadings submitted by prisoners acting pro se, the Fifth Circuit has recognized that a "mailbox rule" applies and that the date when prison officials receive the pleading from the plaintiff for delivery to the court is considered the time of filing for limitations purposes. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). It may reasonably be inferred that a prisoner delivered his petition to the prison officials for mailing on the date he signed it. *See United States v. O'Kaine*, 971 F.Supp. 1479, 1480 (S.D. Ga. 1997).

*Punch v. State of Louisiana*, 1999 WL 562729, *2 n.3 (E.D. La. July 29, 1999)(unpublished). Page's petition is

post-conviction relief and, consequently, he failed to exhaust his state court remedies. *See Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). The State asserts that Page is not entitled to a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005). In addition, the State argues that Page cannot demonstrate cause for his default of his claims or that this Court's failure to consider his claims will result in a "fundamental miscarriage of justice" because he cannot show, as a factual matter, that he did not commit the crime of conviction. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993); *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996); *see also Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999).

In response to the State's Answer, Page responded, *inter alia*, that prior to his plea he was entitled to a mental competency hearing and/or evaluation that he never received. [18] at 5. He also asserts that this Court instructed him to file a habeas petition, thereby leading him to believe that he was in the proper court. *Id.* at 5-6. Finally, he argues that this Court should hold his petition in abeyance so that he can be redirected to the proper court. *Id.* at 5.

Thereafter, Page's mother sought and was granted permission to proceed as his "next friend" pursuant to 28 U.S.C. § 2242. [22]; [26]. On May 16, 2017, Page notified the Court that he had been released from prison on May 1, 2017. [23]. In response to an Order to Show Cause [24], he informed the Court that he desired to maintain this action based on, *inter alia*, the restrictions and fees imposed as a result of his supervised release, as well as the requirement that he register as a sex offender. [25].

## DISCUSSION

Before federal habeas relief may be granted, a prisoner must exhaust his remedies in state

---

undated, but it is post-marked August 14, 2015.

court.  28 U.S.C. § 2254(b)(1).  A habeas petitioner has failed to meet the exhaustion requirement "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  Respondent argues that the claims raised by Page in his federal habeas petition have not been properly exhausted in state court.  The Court agrees.  Page failed to appeal the denial of his motion for post-conviction relief by the Circuit Court of Lauderdale County.  However, the Court disagrees with the State and finds that Page has available procedures to pursue state remedies.  Page can file for an extension of time to appeal the trial court's denial of his motion for post-conviction relief in the trial court under Rule 4(f) or (g) of the Mississippi Rules of Appellate Procedure.

Page faces another problem at this juncture: if the Court dismisses the petition so that Page may pursue state court remedies, any return to federal court after exhausting his state court remedies would likely be foreclosed by the expiration of the one-year federal statute of limitations.  *See* 28 U.S.C. § 2244(d)(1); *see also Duncan v. Walker*, 533 U.S. 167 (2001)(finding that in the absence of a properly filed motion for post-conviction relief, the filing of a habeas petition in federal court does not toll the one-year statute of limitations imposed by § 2244(d)(1)); *Parker v. Johnson*, 220 F.3d 584 (5th Cir. 2000).

To avoid this result, Page asks the Court to stay the case and hold it in abeyance while he exhausts his state court remedies.  Under *Rhines,* 544 U.S. at 269, a federal court presented with unexhausted claims has the discretion in limited circumstances to hold a habeas petition in abeyance while a petitioner exhausts his claims in state court if the petitioner can show good cause for his failure to exhaust.  Although the State argues that Page has failed to show good cause, the undersigned finds that, in an abundance of caution, Page's possible misinterpretation

˜5˜

of the Court's Order [7], coupled with his alleged mental incapacity,[3] satisfy the good cause requirement of *Rhines*. *See Ruiz v. Quarterman,* 504 F.3d 523, 529 n.17 (5th Cir. 2007)(finding that district courts should find good cause "in the equitable sense."); *see also Lopez v. Stephens*, 2016 WL 4126014, *4 (S.D. Tex. Apr. 25, 2016)("[G]ood cause for a stay and abeyance should not require an extraordinary or unreasonable showing."), *adopted*, 2016 WL 4131861 (S.D. Tex. Aug. 2, 2016); *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014)(finding that an allegation of mental illness as a basis for good cause must be supported by evidence)("While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."). Moreover, "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278.

For these reasons, the undersigned recommends that this action be stayed and held in abeyance so that Page may exhaust his claims in state court. Accordingly, Page should be required to file a motion pursuant to Rule 4 of the Mississippi Rules of Appellate Procedure before the Circuit Court of Lauderdale County within forty-five (45) days of any Order adopting this Report and Recommendation. If Page fails to file such motion within forty-five (45) days of any Order adopting this Report and Recommendation, Respondent is instructed to file a motion to dismiss this case for Page's failure to comply with this Order. Moreover, Page should file a motion to dissolve this stay and proceed with this case within forty-five (45) days of the final resolution of his post-conviction claims by the Mississippi state courts.

## CONCLUSION

---

3 In support of her Motion to Proceed as Page's "Next Friend," his mother presented a decision by the Social Security Administration ("SSA") in which it concluded that Page was "disabled" under the Social Security Act as of June 12, 2006. [22] at 50. The SSA cited Page's "long history of mental illness and court-ordered commitments to state mental institutions" and his "long history of psychotic episodes involving paranoia, hallucinations and sometimes impulsive actions as a result of these episodes," among other factors, as a basis for its decision. *Id.* at 48.

Accordingly, for the reasons stated above, the petition should be stayed and held in abeyance to afford Petitioner an opportunity to exhaust his state remedies.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.   28 U.S.C. §636, *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 31st day of July, 2018.

                                          /s/ F. Keith Ball
                                   UNITED STATES MAGISTRATE JUDGE