IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ETHEL ANTONIO PAGE                                                              PETITIONER

VS.                                                         CIVIL ACTION NO.  3:15-cv597-CWR-FKB

WARDEN NORRIS HOGANS                                                            RESPONDENT

**REPORT AND RECOMMENDATION**

Before the Court is the Supplemental Memorandum in Support of Petition for Habeas Corpus [38] filed by Ethel Antonio Page.  *See* 28 U.S.C. § 2254.  In a prior Order [30], the Court stayed and abeyed the petition so that Petitioner could exhaust his claims in state court.  *See* [30]; *see also* Report and Recommendation [28].  After pursuing relief in state court, Petitioner has returned to this forum, where he asserts that he has exhausted his state court claims and asks this Court to review his federal habeas claims on the merits.  The state has filed a Response [43] opposing the petition.  For the reasons explained below, the undersigned recommends that the petition be dismissed with prejudice.

I.      FACTS AND PROCEDURAL HISTORY

The Court detailed the procedural history of Page's case in the previously entered Report and Recommendation.  *See* [28] at 1-4.  In short, Page is challenging his August 27, 2014, guilty plea in the Circuit Court of Lauderdale County, Mississippi, to the felony offense of attempted forcible rape in violation of Mississippi Code Annotated § 97-3-65.[1]  At that time, the trial court sentenced him to twenty years in the custody of the Mississippi Department of Corrections, with fifteen years suspended, and five years of post-release supervision.  On October 6, 2014, he filed

---

[1] As a part of the plea deal, the trial court entered an Order of Nolle Prosequi on Count I of the indictment, a charge of kidnapping.  *See* Miss. Code Ann. § 97-3-53. [15-2].

what the trial court construed as a motion for post-conviction relief. [15-4]. The trial court denied relief on November 20, 2014, *see* [15-5], and Page failed to appeal that decision. Instead, after initially pursuing a complaint in this Court under 42 U.S.C. § 1983, he filed his original petition for habeas relief in this Court on August 14, 2015. *See* [28] at 2-3.

While his original petition was pending in this Court, Page was discharged from custody due to the expiration of his sentence on May 1, 2017. [43-1]. He continues to be subject to the Mississippi Probation and Parole Board while he completes the suspended portion of his sentence. *Id.* In addition to his substantive claims attacking the guilty plea, he has pursued this challenge to his sentence because of the restrictions and fees resulting from his supervised release, as well as the requirement that he register as a sex offender. [25].

On September 27, 2018, the district judge entered an Order [30] adopting the Report and Recommendation [28] and staying this case so that Petitioner could exhaust state remedies. [30]. Thereafter, Page returned to the Circuit Court of Lauderdale County to seek an out-of-time appeal pursuant to Rule 4 of the Mississippi Rules of Appellate Procedure. Represented by counsel, he filed a motion arguing that he was under a mental disability and unable to conduct his own legal affairs in November 2014, thus, he met the requirements of Rule 4(f) and should be granted an out-of-time appeal from the denial of his motion for post-conviction relief. *See* Miss. R. App. P. 4(f)(providing for an out-of-time appeal for parties under the "disability of . . . unsoundness of mind . . . ."). After a hearing in January 2019, the "circuit court denied his motion, finding that although Page had an extensive history of mental illness and had been in treatment for his condition since 2006, no proof was offered of his mental state at the time of the

2

order entered in November 2014." *Page v. State*, 304 So. 3d 672, 675 (Miss. Ct. App. 2020)(en banc); *see also* [40-1] at 66-68.

With the aid of counsel, Page timely appealed the denial of his motion to the Mississippi Supreme Court, where it was assigned to the Mississippi Court of Appeals. *Page*, 304 So. 3d at 672. After a careful review of state law on out-of-time appeals under Rule 4(f) and related state statutory law, the Mississippi Court of Appeals affirmed the lower court's denial of Page's motion for an out-of-time appeal. *Id.* at 677. The appellate court maintained that the focus of the analysis should be Page's mental state around November 2014, at the time he should have appealed the denial of his motion for post-conviction relief, not when he entered his guilty plea in August 2014. *Id.* at 676-677. Examining the record, the Mississippi Court of Appeals concluded that Page "presented no evidence of his mental state or ability to 'manage the ordinary affairs of life' at any time around November 2014." *Id*. at 676. The Mississippi Supreme Court denied Page's petition for a writ of certiorari. [40-5] at 3.

After that decision, Page timely moved to dissolve the stay in this Court. *See* [35]. The district court reopened the case and set a briefing schedule. *See* [36]. Petitioner has filed a Supplemental Memorandum in Support of Petition for Habeas Corpus [38], and the State has filed a Response [43], along with supplements to the state court record. *See* [40]; [41]. This matter is now ripe for review.

II.   GROUNDS FOR RELIEF

In his original petition, Page argued that he was entitled to habeas relief on three bases: (1) he was mentally incompetent at the time of his plea, therefore his plea was not knowingly or voluntarily made, [1] at 5; (2) he suffered ineffective assistance of counsel because his counsel coerced him into taking a plea, even though he was mentally incompetent, *id.* at 7; and (3) the

3

prosecution and trial court committed gross error because each entity had knowledge that he needed a mental evaluation that never occurred, despite his prolonged incarceration prior to his plea. *Id.* at 8.

In his supplemental memorandum [38], Page's counsel has reframed the issues and asks this Court to review them on the merits because Page has "properly exhausted" his state remedies. [38] at 5-6. As grounds for relief, he argues that:

(1) Ground One: Page's guilty plea should be set aside because he was not mentally competent at the time of his plea and, therefore, his plea was not knowingly or voluntarily made;

(2) Ground Two: his trial counsel failed to provide effective assistance of counsel at a critical stage of his proceeding, *i.e.*, the guilty plea;

(3) Ground Three: the state circuit court denied Page due process by allowing him to enter a guilty plea in August 2014 without adequately examining and determining Page's competency to enter a guilty plea; and

(4) Ground Four: the state circuit court failed to provide Page with adequate due process by denying his out-of-time appeal. *Id.*

The state responds that because Page still has not "properly presented" Grounds One, Two, and Three to the Mississippi Supreme Court, federal habeas review of these claims is procedurally barred. In addition, the state asserts that Ground Four does not provide a basis for habeas relief.

III.     DISCUSSION

    A. Grounds One, Two, and Three

Applicants seeking federal habeas relief under section 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *See Edwards v. Carpenter*, 120

S. Ct. 1587 (2000); *Coleman v. Thompson*, 501 U.S. 722, 729-755 (1991); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Edwards*, 120 S. Ct. at 1587; *see also Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387.

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas [relief] is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001)(citing *Coleman*, 501 U.S. at 722)). In *Coleman*, the United States Supreme Court held that federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Coleman*, 501 U.S. at 722. A procedural rule is "adequate" if it is regularly and consistently applied. *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988); *see also Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995)("An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims"). A state procedural rule is presumed to be adequate when the state court expressly relies upon it in denying collateral relief. *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).

In this case, the Court allowed Page to return to the state trial court to seek an out-of-time appeal under Rule 4 of the Mississippi Rules of Appellate Procedure. After holding a hearing, the trial court denied his request for an out-of-time appeal under Rule 4(f), finding that there was "no evidence in the record showing Petitioner's mental state in November, 2014." [40-1] at 68.

The Mississippi Court of Appeals affirmed, finding that Page did not meet the criteria of Rule 4(f) and concluding that, under state law, Page had failed to present "evidence of his mental state or ability to 'manage the ordinary affairs of his life' at any time around November 2014." *Page*, 304 So. 3d at 676.

Federal district courts in Mississippi have found that "Rule 4 has been consistently and repeatedly applied and enforced by the Mississippi courts and as such is an adequate and independent state ground [for applying the doctrine of procedural default.]" *See Griffin v. Fisher*, No. 4:16-cv-227-DMB-JMV, 2018 WL 7570458, at *3 (N.D. Miss. May 30, 2015) (quoting *Waits v. King*, No. 3:13-cv-454-TSL-JCG, 2015 WL 5642916, at *4 (S.D. Miss. Sept. 24, 2015)); *see also Strong v. Watson*, No. 1:19-cv-118-SA-DAS, 2020 WL 3490032, at *4 (N.D. Miss. June 26, 2020). The burden is on Page to demonstrate otherwise, and he has not done so. *Sones*, 61 F.3d at 416. Accordingly, Page has defaulted his first three grounds for relief attacking the voluntariness of his guilty plea, the adequacy of his trial counsel, and the state trial court's failure to discern his competency to enter a guilty plea.

Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *see also Sones*, 61 F.3d at 416. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish

6

prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003). Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999)(citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). Moreover, he must support his allegations with new, reliable evidence that was not presented at trial, and he must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman*, 188 F.3d at 644 (citations omitted).

In this case, Page has failed to show cause for his default. Put another way, Page has failed to show that an external impediment (one that could not be attributed to him) existed to prevent him from appealing the denial of his motion for post-conviction relief in November 2014. At the time of his appeal from his motion for post-conviction relief, Page was proceeding *pro se*; thus, he cannot attribute his failure to appeal to attorney abandonment. *See Maples v. Thomas*, 565 U.S. 266, 280-283 (2012)(finding that attorney abandonment can constitute cause for default to lift a state procedural bar in capital post-conviction context); *but see Coleman*, 501 U.S. at 752 (observing that because there is no constitutional right to an attorney in state post-conviction proceedings, there can be no deprivation of effective assistance). He has not, furthermore, argued that prison officials interfered with his attempts to appeal. *See Coleman*, 501 U.S. at 753. To the contrary, Page requested assistance in appealing his denial of post-

7

conviction relief from the MDOC's Inmate Legal Assistance Program on November 28, 2014, and records show that he received related services on December 2, 2014.  [43-2].

However, Page has argued, in support of the merits of his claims, that in 2014 he was under the disability of a mental impairment or incompetency, as defined by state law, such that the state court erred when it accepted his guilty plea in 2014 and denied his motion for an out-of-time appeal in 2019.  Even so, federal courts "have held that mental impairments are not factors external to the petitioner's defense and do not excuse procedural default."  *Gonzales v. Davis*, 924 F.3d 236, 244 n.4 (5th Cir. 2019)(involving a petitioner's claim of mental illness)(citing *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993)("Neither [Petitioner's] illiteracy, nor his deafness, nor his lack of training in the law amounts to cause either, because none of these factors was external to [Petitioner's] defense.")); *Schneider v. McDaniel*, 674 F.3d 1144, 1154 (9th Cir. 2012)(holding that petitioner's mental condition could not serve as a cause to excuse procedural default)("[A] pro se petitioner's mental condition cannot serve as cause for a procedural default, at least when the petitioner on his own or with assistance remains 'able to apply for post-conviction relief to a state court.'")(citations omitted).  Thus, the undersigned concludes that Page has failed to show cause for his procedural default.  Absent a showing of cause, it is unnecessary to address whether actual prejudice exists.  *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

Page may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice.  To meet this standard, Page must prove, "as a factual matter, that he did not commit the crime of conviction."  *Fairman*, 188 F.3d at 644.  The "fundamental miscarriage of justice" exception is triggered only "in an

8

extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent. . . ." *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Petitioner must support such a fundamental miscarriage of justice allegation with new, reliable evidence that has not been presented at trial and must show that it was "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

In this case, Page has failed to meet this standard because he has failed to present any new evidence to provide a showing of innocence.  Thus, his petition satisfies none of the exceptions to the procedural default, and the Court is barred from reviewing Grounds One, Two, and Three of his habeas petition.

B.  Ground Four

Page argues that the state trial court failed to provide him with adequate due process by denying his out-of-time appeal.  The Fifth Circuit has held that "infirmities in state habeas proceedings do not constitute grounds for relief in federal court." *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999).  Moreover, "[a]n attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it 'is an attack on a proceeding collateral to the detention and not the detention itself.'" *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).

In a similar case, this Court found that the state court's consideration of whether to grant "an out-of-time appeal [from a denial of a motion for post-conviction relief] is solely an issue of state law and cannot be the basis for habeas review." *See Mangum v. Kelly*, No. 3:05-cv-731-HTW-LRA, 2007 WL 2461032, *6 (S.D. Miss. Aug. 7, 2007).  Moreover, "legal conclusions that are explicitly grounded in state law may not be reviewed on federal habeas." *Fairman*, 188

9

F.3d at 641 (citations omitted). Likewise, in this case, the state court based its decision solely on an interpretation of state case and statutory law. Therefore, this claim fails to provide a basis for habeas relief.

## IV. CONCLUSION

Accordingly, for the reasons set forth in this Report and Recommendation, the Petition [1] should be denied, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 29th day of July, 2021.

/s/ F. Keith Ball              .
UNITED STATES MAGISTRATE JUDGE