IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ETHEL ANTONIO PAGE**                                                              **PETITIONER**

V.                                                         CIVIL ACTION NO. 3:15cv597-CWR-FKB

**WARDEN NORRIS HOGANS**                                                         **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court pursuant to the Report and Recommendation ("R&R") of Magistrate Judge F. Keith Ball, which was signed and entered on July 29, 2021. Docket No. 44. The R&R recommends dismissing this case with prejudice because Petitioner Ethel Page procedurally defaulted on Grounds I, II, and III of his Petition for Writ of Habeas Corpus [Docket No. 38]. Additionally, Ground IV of his Supplemental Memorandum in Support of Petition for Habeas Corpus [Docket No. 1] does not provide a basis for habeas relief.

Page timely objected. Docket No. 45. He agrees that he procedurally defaulted on Grounds II and III but objects to the dismissal of Grounds I and IV. *Id.* at 2 (stating that "Petitioner would agree that in his appeal to the Mississippi Supreme Court and ultimately, the Mississippi Court of Appeals, he did not pursue Ground II or Ground III.").

In Ground I, Page argues that his guilty plea "was not knowingly or voluntarily made" "because he was not mentally competent at the time." Page insists that he did not default this argument and in fact "vigorously and continuously" pursued it. *Id.* Page, however, conflates the two motions at issue in his state court proceedings. The first motion for post-conviction relief, which contained his competency argument (*i.e.*, Ground I), was never appealed. The second, a motion for an out-of-time appeal, was denied by the circuit court. This, Page did appeal. However, the Mississippi Court of Appeals found the circuit court did not err and the Mississippi Supreme

Court denied Page's petition for writ of certiorari. Thus, Page failed to overcome his "burden of untimeliness" and was unable to ever present Ground I on appeal, as was required for this Court to review his habeas petition. Docket No. 45 at 3.

As to Ground IV, that "the state court failed to provide him with adequate due process by denying his out-of-time appeal," Page characterizes the cases cited in the R&R as distinguishable or irrelevant. Docket No. 45. Nevertheless, Ground IV cannot be the basis for federal habeas review because it is solely an issue of state law. *See Mangum v. Kelly*, No. 3:05-CV-731-HTW-LRA, 2007 WL 2461032, *6 (S.D. Miss. Aug. 7, 2007).

For these reasons, the Court concludes that there has been no showing that the Magistrate Judge's decision is clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72. Therefore, this Court hereby adopts, as its own opinion, the R&R of the Magistrate Judge. The petition is dismissed with prejudice. A separate Final Judgment shall issue. No certificate of appealability will be granted.

**SO ORDERED**, this the 7th day of September, 2021.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE